CRAWFORD (FARRIN v.). See Case No. 4,-686.

CRAWFORD (GITTINGS v.). See Case No. 5,465.

## Case No. 3,369.

### CRAWFORD v. JOHNSON.

[1 Deady, 457.] [1]

Circuit Court, D. Oregon. Sept. 14, 1868.

ACTION ON DEPUTY COLLECTOR'S BOND—JURISDICTION.

1. If a deputy collector of internal revenue fails to pay over, to his principal, taxes collected by him, under the proviso in section 67 of the act of July 13, 1866 (4 Stat. 172), the circuit court of the United States has jurisdiction of an action by the collector upon the bond of said deputy to recover the amount of such taxes.

2. A collector of internal revenue is considered as receiving an "injury to his property," on account of an "act by him done," within the meaning of the proviso aforesaid, when a deputy appointed by him embezzles the taxes given him for collection.

This action was commenced on May 13, 1868, and on the 23d of the same month, the defendants [Thomas] Smith and [R. H.] Tapp were duly served with a summons, but the defendant [F. M.] Johnson was not found. On June 11, Smith entered an appearance by his attorneys, and on the 13th of the same month filed a motion to dismiss the action as to him, because "the court has no jurisdiction of the person of the said defendant or of the subject matter of the said action;" and on September 7, the plaintiff [Medorum Crawford] filed a motion "for judgment for want of an answer or other pleading within the time allowed by law and the rules of this court." The two motions were argued together and the former disallowed, on the ground that objection to the jurisdiction cannot be made otherwise than by plea or demurrer, and the latter continued. On September 9, the motion for judgment was allowed as against Tapp, and the defendant Smith had leave to file a demurrer to the complaint, objecting that the court had not jurisdiction of the subject matter of the action, and that the facts stated do not constitute a cause of action, which was then argued and submitted.

[1] [Reported by Hon. Matthew P. Deady, District Judge, and here reprinted by permission.]

John H. Mitchell, for plaintiff.
John H. Reed, for defendant, Smith.

DEADY, District Judge. From the complaint it appears, that on and prior to November 1, 1866, and ever since, the plaintiff was and has been collector of internal revenue for the district of Oregon, and that on or about said November 1, the plaintiff appointed the defendant Johnson, deputy collector of internal revenue for the sixth assessment district of Oregon, and that said defendant as principal, with the defendants Tapp and Smith as sureties, on said November 1, executed and delivered to the plaintiff, as collector aforesaid, a bond in the penal sum of $2,000, to be void upon the condition that said Johnson would faithfully perform the duties of deputy collector for the district aforesaid, etc.; and that the defendant Johnson failed to account for the sum of $1,978.42, of taxes placed in his hand for collection, but collected the same by virtue of his said office, and converted the amount to his own use, "for which sum the plaintiff is liable to account for and pay to the United States;" and that said plaintiff by reason of such failure, has been put to $21.58 expense, in addition to the sum aforesaid, for which sum of $2,000 he prays judgment.

A proviso to section 67 of the act of July 13, 1866 (14 Stat. 172), provides: "That if any officer appointed under and by virtue of any act to provide internal revenue, or any person acting under or by authority of any such officer, shall receive any injury to his person or property for or on account of any act by him done, under any law of the United States, for the collection of taxes, he shall be entitled to maintain a suit for damages therefor, in the circuit court of the United States, in the district where the party doing the injury may reside or shall be found." Upon this proviso, counsel for plaintiff rests the jurisdiction of this court. On the argument, counsel for Smith practically abandoned the objection to the jurisdiction of the court. In this respect, the demurrer seems to have interposed upon the impression that the plaintiff relied upon a similar provision in section 2 of the act of March 2, 1833 (4 Stat. 632), concerning "the collection of duties on imports," to support the jurisdiction of this court, and that such provision only applied to the collection of external revenue—duties on imports. But the proviso quoted from the act of 1866, gives the same jurisdiction to this court in cases of actions for injuries arising from acts done under the internal law, as under the laws for the collection of duties on imports.

The objection that the complaint does not state facts sufficient to constitute a cause of action, is, I think, not well taken. True, the complaint only states that the plaintiff is liable to pay the money converted by his deputy, to the United States, and under ordinary circumstances, a mere liability to suf-

fer from the acts or omissions of another, does not give a right of action against such other. Some injury must actually result from such act or omission. A mere liability to be injured is not equivalent to an actual injury. But in this case, I think the plaintiff is more than merely liable to the United States for this money. The law makes him absolutely responsible for the conduct of his deputies, and also charges him with the whole of the taxes contained in the lists delivered to him for collection. Prima facie, the amount of the tax list is a fixed and ascertained indebtedness, for the payment of which he has given bond. This sum collected by Johnson, he is bound to pay. The condition of the bond is to keep the plaintiff harmless from any liability on account of any act or omission of Johnson's. In this respect the complaint follows the terms of the condition, and, so far as the bond is concerned, is a sufficient statement of a cause of action in any view of the matter. But it is doubtful if this court has jurisdiction of an action between these parties for a mere liability upon this bond, because the act of 1866 limits the jurisdiction to cases where the officer or person shall receive an injury to his person or property. Instead of making the allegation of the complaint in the language of the bond, it would have been proper to have averred the fact to be, as it was admitted on the argument, that the plaintiff had already paid over the amount to the United States. If so, he has received an injury to his property to that extent—he has lost so much of it on account of his act in appointing Johnson deputy collector of taxes. But I think it proper, under the circumstances, to hold, that as this amount of taxes was charged to the plaintiff by the government, the money for the time being is to be considered as his own, and therefore taken or embezzled from him by Johnson, to his injury. The demurrer is overruled and judgment must be given for the plaintiff.

CRAWFORD (MARSHALL v.). See Case No. 9,126.

CRAWFORD (MATHUSON v.). See Case No. 9,279.